IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
ALLENTOWN DIVISION

|  |  |
|---|---|
| ROBIN BELL, *on behalf of herself and similarly situated employees*, | : CIVIL ACTION : : No. 5:18-cv-02833-EGS |
| Plaintiff, | : |
| v. | : : |
| COWORX STAFFING SERVICES, LLC., SYNCHRONOSS, INC., and SEQUENTIAL TECHNOLOGY INTERNATIONAL, LLC | : : : : |
| Defendants. | : : : |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS AND COLLECTIVE ACTION SETTLEMENT, APPROVAL OF CLASS
NOTICE, AND SETTING FINAL APPROVAL HEARING**

As reflected in the accompanying "Joint Stipulation of Class Action Settlement," the parties have agreed to settle this lawsuit on behalf of the putative class/collective members for $850,000.00. Under the December 1, 2018 amendments to Federal Rule of Civil Procedure ("Civil Rule") 23, the Court "should direct notice in a reasonable manner" to all class members covered by a proposed settlement if the parties demonstrate that, at the post-notice final approval stage, the Court "will likely be able to" (i) give final approval of the settlement under the criteria described in Civil Rule 23(e)(2) and (ii) certify the settlement class. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).[1]

---

[1] Prior to December 1, 2018, the standard for "preliminary approval" of class action settlements was not explicitly addressed in Civil Rule 23 and varied from circuit to circuit. *See, e.g., In re National Football League Players' Concussion Injury Litigation*, 301 F.R.D. 191, 197-98 (E.D. Pa. 2014) (summarizing Third Circuit standard). Amended Rule 23, however, "alter[s] the standards that guide a court's preliminary approval analysis." *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 2019 U.S. Dist. LEXIS 13481, *118 (E.D.N.Y. Jan. 28, 2019).

As discussed in the accompanying memorandum, Plaintiffs submit that notice of the instant settlement should be issued to class members (i.e. the settlement should be "preliminarily approved") because both of these requirements are satisfied. First of all, the Court "will likely be able to" give final approval to the settlement under Civil Rule 23(e)(2) because:

(A) Named Plaintiff Robin Bell and Opt-in Plaintiff Nadia Redmond, along with Class Counsel, have adequately represented the class;

(B) The proposal was negotiated at arm's length;

(C) The relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) The proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Secondly, the Court "will likely be able to" certify the settlement class because the putative settlement class satisfies Civil Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation and Civil Rule 23(b)(3)'s two additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Likewise, the standards for Section 29 U.S.C. § 216(b) (Fair Labor Standards Act ("FLSA") settlement approval are met. FLSA claims may be compromised where a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Lab., Empl. Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982). If the settlement of an FLSA suit reflects a "fair

and reasonable resolution of a bona fide dispute" of the claims raised, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354-55. The instant settlement meets these criteria.

Furthermore, as explained in the accompanying memorandum, the proposed notice form and protocols constitute "the best notice that is practicable" under the criteria described in Civil Rule 23(c)(2)(B). And, finally, the undersigned law firms are qualified to be appointed interim Class Counsel pursuant to Civil Rule 23(g)(3).

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion and enter the accompanying proposed order.

Dated: October 3, 2019                    Respectfully submitted,

*s/ Charles R. Ash, IV*
Charles R. Ash, IV (*Pro Hac Vice*)
MI Bar No. P73877
Kevin J Stoops *(Pro Hac Vice)*
MI Bar No. P64371
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, Suite 1700
Southfield, Michigan 48076
248-355-0300
kstoops@sommerspc.com
crash@sommerspc.com

Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
**WINEBRAKE & SANTILLO**
715 Twining Road, Suite 211
Dresher, Pennsylvania 19025
Ph: (215) 884-2491
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com
mgottesfeld@winebrakelaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on October 3, 2019, I electronically filed the forgoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

s/ *Charles R. Ash, IV*
Charles R. Ash, IV

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
ALLENTOWN DIVISION

| | |
|---|---|
| ROBIN BELL, *on behalf of herself and similarly situated employees*, <br><br> Plaintiff, <br> v. <br><br> COWORX STAFFING SERVICES, LLC., SYNCHRONOSS, INC., and SEQUENTIAL TECHNOLOGY INTERNATIONAL, LLC <br><br> Defendants. | CIVIL ACTION <br><br> No. 5:18-cv-02833-EGS |

## ORDER

**AND NOW**, this ___ day of _____, 2019, upon consideration of Plaintiff's "Unopposed Motion for Preliminary Approval of the Class and Collective Action, Approval of Class Notice, and Setting Final Approval Hearing" ("Motion") (ECF No. ____), the accompanying "Joint Stipulation of Class Action Settlement" ("Settlement") (ECF No. _____), the accompanying Declaration of Kevin J. Stoops (ECF No. _____), the accompanying memorandum of law (ECF No. _____), and all other papers and proceedings herein, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**, and the settlement of this action is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, the Court will "will likely be able to" approve the settlement under the criteria described in Federal Rule of Civil Procedure ("Civil Rule") 23(e)(2) and certify the settlement class under the criteria described in Civil Rules 23(a) and 23(b)(3). See Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

2. The Notice Packet attached to the Agreement and the notice protocols described

1

in the Agreement are approved pursuant to Civil Rules 23(c)(2)(B) and 23(e)(1).

3. Individuals who wish to exclude themselves from the settlement must follow the procedures described in the Notice Packet and must do so within 45 days of issuance of Notice.

4. Individuals who wish to object to the settlement must follow the procedures described in the Notice Packet and must do so within 45 days of issuance of Notice.

5. Sommers Schwartz, P.C. and Winebrake & Santillo, LLC are appointed interim class counsel pursuant to Civil Rule 23(g)(3) and shall ensue that the notice process contemplated by the Settlement is followed. The Court will make its final decision regarding the appointment of class counsel after the final approval and pursuant to the criteria described in Civil Rule 23(g)(1).

6. Pursuant to Civil Rule 23(e)(2), a hearing addressing final approval of the settlement will be held on _____, 2019 at _____ in Courtroom __ of the Edward N. Cahn U.S. Courthouse & Federal Bldg., 504 W. Hamilton Street, Allentown, Pennsylvania, 18101.[1] During this hearing, the Court will hear from any objectors or other class members who wish to address the Court and will hear argument from counsel regarding, *inter alia*, the following issues: whether the settlement warrants final approval under Civil Rule 23(e)(2) and 29 U.S.C. § 216(b); whether the settlement class should be certified under Civil Rules 23(a) and 23(b)(3); whether the service awards set forth in the Agreement should be approved; and whether the attorney's fees and litigation costs sought by interim class counsel in the Agreement should be approved under Civil Rule 23(h).

7. Seven calendar days prior to the final approval hearing, interim class counsel shall

---

[1] **Note to the Court:** The parties respectfully suggest that the final approval hearing be scheduled no earlier than 90 calendar days after the entry of this Order to accommodate CAFA notice.

file all papers in support of the final approval of the settlement and the associated issues described in paragraph 6 above.

                                                                         _____

                                                                         DISTRICT JUDGE EDWARD G. SMITH