IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
ALLENTOWN DIVISION

| | |
|---|---|
| ROBIN BELL, *on behalf of herself and similarly situated employees*, | : CIVIL ACTION<br>:<br>: No. 5:18-cv-02833-EGS |
| Plaintiff, | : |
| v. | : |
| COWORX STAFFING SERVICES, LLC., SYNCHRONOSS, INC., and SEQUENTIAL TECHNOLOGY INTERNATIONAL, LLC | :<br>:<br>: |
| Defendants. | :<br>: |

## FINAL ORDER APPROVING CLASS/COLLECTIVE ACTION SETTLEMENT AND JUDGMENT AND ORDER OF DISMISSAL

WHEREAS, the Parties reached a settlement of the above-captioned matter that was preliminarily approved by this court;

WHEREAS, the parties have complied with the court's preliminary approval order including sending settlement notice according to the approved notice plan and the period for objections and opt-outs has closed; and

WHEREAS, this Court conducted a final fairness hearing on February 11, 2020, in which the court specifically reviewed all aspects of the preliminary settlement for fairness, reasonableness and adequacy, including the strength and weaknesses of the claims and defenses; the likelihood of class certification; the time and effort expended by the attorneys; the value obtained for the class and method of payment; the participation by the class; the lack of reversion rights to Defendants; the class members' lack of objections and minimal number of opt-out

elections filed; and adequacy of settlement notice, and was otherwise fully advised of the facts and

circumstances of the proposed settlement;

### WHEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.         The court has examined and finds good grounds to approve this parties' settlement

as fair reasonable and adequate pursuant to the standards for approval of a class settlement under

Fed. R. Civ. P. 23(e).

2.         The Court has reviewed and now approves the material terms of the settlement,

which are summarized below:

     a.         For purposes of settlement only, the parties have agreed to certification of the

following class:

> All current and former non-exempt customer sales representatives of Defendants who
> worked in the Bethlehem, Pennsylvania or Tucson, Arizona call centers from July 6, 2015
> through September 10, 2019.

     b.         Under the settlement, Defendants CoWorx Staffing Services, LLC., Synchronoss,

Inc., and Sequential Technology International, LLC (collectively "Defendants") agreed to make a

*non-reversionary* payment of $850,000. Under the settlement, Class Members who do not request

exclusion will release Defendants from:

> [A]ll claims that have been alleged or that could have been alleged in the First
> Amended Complaint ("FAC") including all of the following claims for relief: (a)
> failed to pay and/or properly calculate all wages due, including the regular rate of
> pay, straight time, overtime, double-time, premium pay, minimum wages, and all
> other forms of wages; (b) failed to provide compliant meal periods and/or proper
> premium payments in lieu thereof; (c) failed to provide compliant rest breaks and/or
> proper premium payments in lieu thereof; (d) failed to maintain required records;
> (e) owes other monies or penalties under the wage and hour laws pleaded in the
> Litigation; and (f) is responsible for the payment damages, penalties, interest and
> other amounts recoverable under said causes of action alleged in the Complaint,
> including without limitation the following claims based on or reasonably relating
> to claims asserted or alleged in the action: claims for unpaid wages (including
> claims for regular wages, overtime, regular rate calculations, gap time, off-the-
> clock or unpaid time, breaks), under the Fair Labor Standards Act, 29 U.S.C. §201,
> et seq., the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq., and
> Arizona state law. The Released Claims also include all claims Plaintiff, Opt-In

2

Plaintiff and the Settlement Class Members may have against the Released Parties relating to (i) the payment and allocation of attorneys' fees and costs to Class Counsel pursuant to this Agreement and (ii) the payment of the Class Representative Service Award pursuant to this Agreement. The period of the Release shall extend commensurate with that of the Class Period, as defined above.

     c.     Additionally, each Class Member who endorses his or her Individual Settlement

Payment check by signing the back of the check and depositing or cashing the check shall release

and forever waive any and all claims for violations of the Fair Labor Standards Act. Specifically,

each check shall be affixed with the following endorsement:

> By cashing this check, you are releasing any and all claims, rights, causes of action and liabilities, whether known or unknown, for any and all types of relief under the Fair Labor Standards Act, including without limitation claims for failure to pay minimum wage, overtime, and for all hours worked, and any and all claims for recovery of compensation, overtime pay, minimum wage, liquidated damages, interest, and/or penalties tied to such claims, that arose or accrued at any time from July 6, 2015 through [Preliminary Approval Date or September 10, 2019], arising from your employment with CoWorx Staffing Services, LLC; Synchronoss Technologies, Inc.; and Sequential Technology International, Inc. Your release does not include, however, any claims, rights, causes of action or liabilities that cannot be released as a matter of law.

(*Id.* at ¶ 41(c)).

     d.     From the $850,000 settlement payment, the parties agreed that the settlement would

be distributed as follows:

- $504,166.67 will be paid to the 3,644 class/collective members.

- Class Counsel's Attorneys' Fees in an amount not to exceed $283,333.33 and Lawsuit Costs in an amount not to exceed $15,000 (any unapproved amounts will pour over to the class members).

- Class Representative Service Awards in the amount of $7,500 to Named Plaintiff Robin Bell and in the amount of $5,000 to Opt-in Plaintiff Nadia Redmond.

- Settlement Administrator fees in an amount not to exceed $35,000.

     e.     Payments to the Class Members will be allocated as follows:

The Settlement Administrator will calculate the total amount that each Settlement Class Member will receive. The Settlement Administrator will divide the Net Settlement Fund by the total number of pay periods Settlement Class Members were employed ("Pay Period Amount"). The Settlement Administrator will multiply the Pay Period Amount by the total number of pay periods that each Settlement Class Member was employed during the Class Period to arrive at an estimated Individual Settlement Amount. The Individual Settlement Amount will then be multiplied by the Net Settlement Amount to calculate each Settlement Class Member's estimated Individual Settlement Amount.

      f.      Defendants will pay any employer-side payroll taxes in addition to the $850,000 Gross Settlement Amount.

      g.      Class Members will have 180 days to cash their Individual Settlement Payment check.

      h.      Each Individual Settlement Payment will be allocated 50% to "wages" and 50% to "interest and penalties."

      i.      Any uncashed proceeds will be paid to the Bureau of Unclaimed Property of the Pennsylvania Treasury, in accordance with the Pennsylvania Disposition of Abandoned and Unclaimed Property Act, 72 P.S. §§ 1301.1-1301.28b.

      j.      Members of the Class who have requested exclusion from the Settlement by properly submitting an Opt-Out Form by the date set by the Court do not release their claims and will not obtain any benefits of the Settlement.

3.      The Court finds that the Settlement Agreement constitutes a fair result given the totality of the circumstances facing Plaintiff and the Class. The benefits of settlement are great in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of prolonged litigation. "There is a strong judicial policy in favor of settlements, particularly in the class action context." *Case v. Plantation Title Co.*, 2015 U.S. Dist. LEXIS 33580, *22 (D.S.C. Mar. 5, 2015) (*quoting In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998).

4.      The present Class/Collective Action Settlement was reached after prolonged arms-length negotiations by experienced counsel on both sides. The terms of this settlement as outlined above and as set forth in greater detail in the Settlement Agreement represent, in this Court's opinion, an excellent result achieved by experienced counsel for Plaintiff and Defendants.

5.      The fact that no class members filed an objection, and that only 23 of 3,662 Class Members chose to opt-out, weighs in favor of finding that the settlement is fair, reasonable, and adequate. Likewise, the final approval order is not being entered until February 11, 2020 in compliance with the 90-day waiting period under the Class Action Fairness Act, *28 U.S.C. § 1715(d)*), and there being no objections filed by a government official.

6.      Specifically, the Court hereby grants final approval of the Parties' Settlement Agreement pursuant to Rule 23(c) and (e) of the Federal Rules of Civil Procedure and §216(b) of the FLSA as agreed to by the Parties. Approval is based upon: (a) the relative strength of the Plaintiff's case on the merits; (b) the existence of any difficulties of proof or strong defenses the Plaintiff is likely to encounter if the case goes to trial; (c) the anticipated duration and expense of litigation; (d) the amount of informal discovery completed and the character of the evidence uncovered by the Parties; (e) the fairness of the Settlement, as set forth on the record by counsel, to the Class Members; (f) the fact that the Settlement is the product of extensive arms-length negotiations between the Parties; (g) the fact that any proposed Class Member who disagreed with the Settlement could have opted out by personally signing the Opt Out Form and submitting it pursuant to the procedures set forth in the Settlement Agreement; and (h) the fact that this Settlement is consistent with the public interest.

7.      The Court finds that based on the settlement administrator's declaration filed in this matter and representations of all counsel at the final fairness hearing that the plan for Class Notice

was completed and satisfied the requirements of due process and Rule 23 (c)(2)(B). Therefore, this order and final judgment has binding effect on all class members and the parties' settlement terms, including the release of claims.

8.          Pursuant to Rule 23(c)(3), the Court hereby approves entry of final judgment and certifies the following Rule 23 class and FLSA Section 216(b) collective:

> All current and former non-exempt customer sales representatives of Defendants who worked in the Bethlehem, Pennsylvania or Tucson, Arizona call centers from July 6, 2015 through September 10, 2019.

9.          The Court confirms its appointment of the Named Plaintiff Bell as Representative of the Rule 23 class and finds that she meets the requirements of Rule 23(a)(4).

10.         The Court approves payment of Class Representative Service Awards in the amount of $7,500 to Named Plaintiff Robin Bell and in the amount of $5,000 to Opt-in Plaintiff Nadia Redmond.

11.         The Court further confirms pursuant to Rule 23(g) its appointment of Plaintiffs' Counsel, Sommers Schwartz, P.C., and Winebrake & Santillo, LLC, that they have fairly and adequately represented the interests of the Class, and hereby directs them to continue in their capacity if any further action is required in this case.

12.         For the reasons set forth on the record at the Final Fairness Hearing, which are incorporated herein, the Court approves an award of attorneys' fees to Class Counsel in the amount of $283,333.33, and finds that these amounts are reasonable under the circumstances, incurred on behalf of the class and appropriate pursuant to Rule 23 based on the common benefit fund that was created and that were shared by the class.

13.         For the reasons set forth on the record at the Final Fairness Hearing, which are incorporated herein, the Court approves reimburse of Lawsuit Costs to Class Counsel in an amount

not to exceed $15,000, and finds that these amounts are reasonable under the circumstances, incurred on behalf of the class and appropriate pursuant to Rule 23 based on the common benefit fund that was created and that were shared by the class.

14.        For the reasons set forth on the record at the Final Fairness Hearing, which are incorporated herein, the Court approves payment to the settlement administrator in an amount not to exceed $35,000.

15.        Any unspent Lawsuit Costs or settlement administrator fees will pour over to the Class Members.

16.        The Court has jurisdiction to enter this Order and Judgment approving the settlement and dismissing all claims by Plaintiff and the class pursuant to the settlement agreement with prejudice, and hereby does dismiss those claims, and expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the settlement.

DATED:  February 11, 2020

_____
The Honorable Edward G. Smith
U.S. District Court Judge

The Clerk of Court shall mark this case
as closed for statistical purposes.

7